et al. Arguments not to exceed 15 minutes per side. Mr. Cabot for the appellant. Good morning, your Honor. Sean Cabot on behalf of the appellant. May it please the Court. This is a Fourth Amendment exception to the United States Constitution. The United States Excessive Force case arising out of an incident involving my client and the Waterford Township Police Department. And essentially we're requesting this Court to reverse the trial court's opinion in order. The opinion in order issued by the lower court, you know, in essence was bare bones at best. It completely ignored the principles of Civil Procedure 15-B. It completely ignored the 156 motion standard. That clearly, you know, the case on this circuit flowing from the Supreme Court is that the Court has to view all the facts and all the inferences to be drawn from those facts in a light most favorable to the non-moving party, in this case the appellant. The Court's opinion absolutely failed to do that. What's your best evidence here to show that Officer Stetchley, if I'm pronouncing his name correctly, was the person who kicked your client or hit him or whatever happened to him when he was on the ground? Well, there's the testimony of Defendant Stetchley who says, I handcuffed Mr. Amerson. That's plain in the record. But the handcuffing is not what you're... Right. But then Mr. Amerson clearly testified, the officer that handcuffed me kicked and punched me. Those two clearly unequivocal facts show that Defendant Stetchley kicked and punched him. He also said the officers who took him off to the jail or wherever they took him, that was the guy who kicked him. And Stetchley wasn't the one who hauled him off. There are some facts in the case that aren't necessarily consistent, and appellees made a huge issue of that in their response brief. But that does not rise to the level of blatant contradiction. As set forth, they placed a lot of reliance on the Scott v. Harris case. And it's interesting, since Scott v. Harris kind of came down, I'm seeing this case, whenever there's a little trickling of differences of fact, Scott v. Harris come up. Scott v. Harris is not applicable in this case in any way, shape, or form. I mean, the Harris case, you had a situation where the plaintiff said, well, I wasn't driving erratically. I had concern for the people on the road, et cetera, et cetera. Then you have this videotape which shows he's weaving in and out of traffic, traveling at high rates of speed. That is a blatant contradiction. In this case, we don't have blatant contradictions. But in that absence, what about the mug photos that lacked any indication? I mean, that would be the argument, right? Here we have photos. How can you say he was kicked when it doesn't look like he was kicked? And that's, again, I don't, our position is that is not a blatant contradiction. Because there's some indications in the record that he was kicked on the right side of the head. And it's interesting, the booking photo shows a frontal view and it shows a left side view. Never shows a right side view, never shows a back view. Now, I'm not a doctor, but I've been kicked by my little kids, and it hurts. And I may not bruise, I may not have swelling, but it hurts and there's no doubt I got kicked. The booking photo shows that Mr. Amerson is a darker skinned African-American male. You know, it is absolutely conceivable that a jury could say, yeah, you can get kicked and not have any visible injuries. Yeah, it's possible that you don't have swelling or huge black and blue marks. That is absolutely possible and that's why those issues and the standard for 56 requires that it go to the jury. What did the district court say with respect to that point? The district court really didn't say anything. And in fact, in its 7 page opinion, the majority of the opinion focused on a lot of the liability of the township, the Monal claim, and in fact less than 2 pages of the opinion deals with any analysis whatsoever dealing with Mahoney and Stoeckle. And in fact, the last couple paragraphs or so of the district court's opinion, docket number 55, pages 803 to 804, basically the opinion says, well, Amerson testified during his death that he was hit and kicked. Stoeckle testified he didn't hit her kickplant. That's essentially, if you read the court's opinion, the bulk of the analysis. And in essence what the court did then is said, well, we'll believe Stoeckle. You can't do that at the trial court level. You mean at the summary judgment level? Right, at the summary judgment level. And that's exactly what the court did. No analysis of the facts. The trial court admitted, Amerson says this, Stoeckle says that, and that's what the court did. Amerson says that, we'll just go with Stoeckle. Can't do that. Violates a standard that is very clear in the circuit. Now, kind of going back to this issue of- Did Mahoney also handcuff your client? You know, that's an interesting point, Judge Seiler, because Officer Mahoney did say- Did he do it or did he not? I think he said he did. So why couldn't he be the person? Precisely my point, and precisely why the district court should not have granted summary judgment. I mean, could either be one of those. They both admitted, I mean, Stoeckle clearly admits he handcuffed him, but Mahoney says he was right there and he assisted bringing the arms back to handcuffing. Those were the only two people that were there handcuffing him in the process. What did Hathaway say about it? Hathaway, he is the eyewitness. He couldn't identify which one, but he did say he did see Mr. Amerson get hit and kicked. Couldn't identify which one. But I think it's clear from Mahoney, Stoeckle, and Mr. Amerson, that at a minimum, one of those two officers did it. If you were going to the jury trial and you presented the fact that it has to be either Stoeckle or Mahoney, but you can't tell which one, is that sufficient evidence for the jury to decide the question, if that's all you have? If one, if it's clear that somebody kicked him, but it's one of two. Well, I think there's more in the facts, though. Mr. Amerson, even if we look at his testimony, described the officer that did it as medium build, 5'8", 5'9", and again, he's making this assessment, one, after getting kicked, and two, in a lying position. So I think, I mean, I don't think it's as vague as that. I think, based on the testimony, the jury could readily and easily conclude that it was Stoeckle. Counsel, what is the genuine issue of material fact that would prohibit summary judgment against Stoeckle? Pardon? I'm sorry. What is the genuine issue of material fact that would prevent the court from granting summary judgment as to Stoeckle? Well, because Stoeckle said, I didn't hit or kick him. Mr. Amerson says, the guy who handcuffed me, i.e. Stoeckle, kicked him. The standard in 56 is that the trial court must view all the facts and all the inferences drawn from those facts in a light most favorable to the non-moving party, i.e., in this case, the client. The court did not do that. With respect to the injury issue that the court is inquired about, a couple years ago I was down here on the case of Miller v. Sandlack County, and actually, let me get the site, I don't have the site, it was docket number 09-13420. It was an opinion published by the court decided June 4, 2010. That was an excessive force case, and one of the facts of the case was that Mr. Miller was spun around, slammed against the police car, and his feet were kicked apart. So one of the issues was a Fourth Amendment analysis of, well, whether or not because there weren't visible injury, whether or not there could be a Fourth Amendment excessive force claim. The court in that case indicated that just because you don't have a big bruise or obvious injury doesn't foreclose a Fourth Amendment excessive force case. In fact, the force, even where the physical contact between the parties did not leave excessive marks or cause extensive physical damage, you could still have an excessive force claim. It is not the extent of the injury inflicted, but it's whether an officer subjects a detainee to gratuitous violence. That's the analysis that the court has to go by. Because again, going back to what I said earlier, it is absolutely conceivable and a reasonable inference that excessive force can be used against someone and not have a black eye and not have swelling and all these things. A jury can absolutely take that in and say, yeah, that's true, based upon their own lives, based upon their own life experiences, which are what they base the facts on. In my last few minutes... Can I ask you just briefly, I know you just have a few minutes. Sure. What's the best evidence that Steckley is the person who, assuming he was kicked, what's the evidence that it was Steckley? Well, he unequivocally was there, he unequivocally testified, he handcuffed Mr. Amerson. Again, looking at Mr. Amerson's description, albeit not exactly identical, at least puts Steckley at a medium build and taller versus the slim build that I think he gave the other officer. So again, that's the... One of the two people kicked me and he describes him, is that what you're saying? Yeah. And the description fits Steckley better than it fits... I believe it does, Judge, and I see my time's up, so... That's it, basically. Right. They say Steckley did it, or the person who handcuffed him. No, and that's very common, I mean, especially when you're face down on your stomach, you're not going to see it. I'm just asking what's there. Sure. Okay, thank you.  Good morning, Your Honors. May it please the Court, Karen Daly on behalf of the Defense Defendants. I think what this case comes down to, in order to establish a claim under 1983, you have to establish personal involvement. There's no evidence here that it was Officer Steckley that was the one that kicked and punched the plaintiff. What about what he just said? The evidence shows that the plaintiff testified that it was the guy who handcuffed him and drove him to the police station. It is undisputed that Officer Steckley did not drive him to the police station. It was two other officers that drove him. He also said, unequivocally, that it was not the officer that arrived first and that chased them. It is also undisputed that it was Officer Steckley who arrived first and chased the plaintiff. Is there evidence there were just those two policemen there? No, there were a bunch of officers that were voluntarily dismissed. There was an officer with a canine. In fact, I was under the assumption that that was Mahoney because he says, well, he was just standing there and didn't do anything. The officer with the dog. That was a different officer that was already dismissed. So his claims that it was Mahoney that just stood there and did nothing, but then he testifies that it was the officer with the dog that stood there and did nothing. The problem here is that the questions of fact are all created by the plaintiff in his testimony. In this circuit, it is well established that conflicting statements in a plaintiff's own deposition do not establish a genuine issue of fact. So you can't rely on the fact that he says, well, it may have been this person, it may have been this person. The fact is, he doesn't know who did it. And you cannot hold Officer Steckley liable. No reasonable jury could find him liable for this when the plaintiff doesn't even know who did it. You're not arguing that it's constitutional to kick someone who's down? No. Absolutely not. It's just a matter of whether there's enough evidence that he did it. Right. Exactly. There's no personal involvement. And to establish a 1983 claim, you have to have that. What did Hathaway say about it? Did you read the record? Hathaway says he doesn't know who did it. In fact, if I could read from the deposition. Did he say he saw somebody kick or he doesn't even know? He did. He did. But he said you couldn't tell who they were interacting with Josh Amerson. No. You couldn't tell if they were male or female, could you? No. You couldn't tell if they were what race they were, could you? No. You couldn't give any description, could you? No. So he doesn't know what officer it was. He said there were a bunch of officers there. He has no idea. He said they're all white males. And that was the only description he could give. So there's no evidence in this case that it was Officer Steakley. Other than the conflict in his own testimony, which is insufficient to establish a question of fact. Did he describe Officer Steakley as his counsel says it's sufficient to show that it wasn't anybody else? No. I think the only description he gave was 5'9", medium build, which other officers there fit that description. Is that in the record too? Other officers? I believe so. Yeah. There's testimony from all the other officers. Do we know what the basic build was of Officer Mahoney? I believe Mahoney was 6'1", 6 foot. A little bit bigger. I don't know about the officer with the dog. There was the officer who handcuffed, I believe, Hathaway. There were lots of other officers there. Well, if it went to a jury and he was saying it's one of the officers who handcuffed me, and it turns out that two officers said they handcuffed him, and he gives a kind of a general description of the one who kicked him. Is that enough for the jury to decide? I don't think so, no. He also says that it wasn't the officer who chased him. We know for a fact it's undisputed that Officer Steakley was the one who chased him. He also says adamantly it was the officer who drove me to the police station. We know it's undisputed that Officer Steakley was not the one that drove him to the police station. Officer Sawyer originally drove him, and then his car got stuck in snow, I believe, and he was transferred to another officer's car. So there are two different officers, neither of which were Officer Steakley. They weren't sued or they were dismissed? They were dismissed. So I don't think a reasonable jury could find that it was Officer Steakley who used force. Anything else? Thank you. The issue is kind of narrow now, I think. I think the issue is narrowed down to the point that it shows that the trial court certainly was incorrect and that it has to go to a jury. What about the argument that she just made, though, has certain force? I could restate it, but you just heard it. I mean, how do you respond to it? Well, you have two officers who unequivocally are right there dealing with him. Plus there are other people. Yeah, but those two are the ones who are the only ones who admitted to having any personal contact with Mr. Amerson. Those two. In fact, reading from the record, it's... So they're the only... I mean, I asked her, I said, are these two the only ones? She said, no, there are lots of other officers there. Now you're saying the record is clear that there weren't other officers? Well, there were other officers there, but I'm talking about the physical contact with Mr. Amerson at the time the excessive force took place. Steakley is very clear. He didn't even say that Mahoney helped him handcuff. He said, I handcuffed him. So you have his testimony that leaves him as the singular officer responsible for the excessive force working in conjunction with Mr. Amerson's testimony who says, the guy who handcuffed me. Then you have Mahoney, and I'm reading from the record, page ID 680, who says, no, we both kneeled down beside him and handcuffed him. So now you have different facts between the officers themselves. But looking at Steakley, he solely said, I'm the guy who handcuffed him. And the description given by Mr. Amerson more fits the scripture Steakley as the guy who did it. Why did he say it's the person who drove me? And the other difficulty that you're opposing counsel referred to? I don't have an answer for that. But I do know that differences of fact, it's not, number one, it's not a blatant contradiction. Why not? Sounds like a blatant contradiction. Because I think when you have an injury like this where you have a head injury, which is corroborated by seizure activity and a right hemisphere issue as established by the medical. I understand that. I'm asking why it's not a contradiction as to who did it, not whether he was injured. Her argument seems to be now, maybe he was kicked. We just don't have evidence that this person did it. Well, I think the evidence is clear, and I think if anything, there could be allegedly some confusion based on the injury as to who did it, as far as the driver part and all that. But again, that's a function of the jury to decide, to discredit or to credit, not the role of the trial court. And again, for those reasons and the reasons in our brief, I would request that you reverse the trial court. Case will be submitted. Please call the next case.